Battle, J.,
 

 after stating the case as above, proceeded: The proposition that the defendant Freeman, being admitted to defend as landlord, with the defendant Moore, cannot set up any defence, which is forbidden to Moore, is fully established by
 
 Balfour
 
 v.
 
 Davis,
 
 4 Dev. & Bat. Rep. 300, and the other cases referred to by the plaintiff’s counsel.
 

 The other proposition contended for by the counsel, that Moore was estopped to deny the title of the plaintiff’s lessor is neither supported by reason nor authority. It is, in our estimation, directly opposed by the case of
 
 Jordan
 
 v.
 
 Marsh,
 
 9 Ire. Rep. 234. That case, as explained in the subsequent one of
 
 Grandy
 
 v.
 
 Bailey,
 
 13 Ire. Rep. 221, was £i where one of the purchasers at Sheriff’s sale had recovered in ejectment, and no imputation of fraud therein was made, and he was on the eve of taking actual possession under a writ of
 
 habere facias,
 
 when the tenant took a lease from him. The Court was of opinion that if the tenant had been actually put out of possession by the Sheriff, and had after-wards entered under a new lease, he might have defended such
 
 *98
 
 new possession under the title of his landlord, against a subsequent ejectment by the other purchaser from the Sheriff; and therefore it was held that he might take alease from him who had recovered in the ejectment, without an actual eviction on a writ of possession — the Court saying, “for what end should he be required to go through the useless form of being put out'of possession, merely to be at the trouble of going back again?’ ’ In
 
 Grandly
 
 v.
 
 Bailey,
 
 it is true that the defendant was not allowed to protect herself under the lease which she had taken from the purchaser at the Sheriff’s sale; but it was because she was not on the eve of being turned out by the Sheriff under a writ of ¡possession, and her delivery of the possession to the agent of the purchaser was deemed by the Court to have been colorable merely, and not a
 
 bona fide
 
 transaction. The change of possession, in the case now before us, is not liable to that objection, because Moore was actually turned out by the Sheriff, after the recovery in ejectment by Freeman, and did not regain the possession, under his contract of purchase, until nearly two years afterwards. But the very recent case of
 
 Freeman
 
 v.
 
 Heath,
 
 13 Ire. Rep. 498, decided at the last Mor-ganton Term, is relied upon by the plaintiff’s counsel as an authority against the principle contended for on behalf of the defendants. If the principle of the present case be the same with that of
 
 Jordan
 
 v.
 
 Marsh,
 
 as we have endeavored to show, then the Court which decided
 
 Freeman
 
 v.
 
 Heath
 
 did not consider it opposed to that principle; for they refer to
 
 Jordan
 
 v.
 
 Marsh,
 
 and point out the distinction between the two cases. Ruffin, Chief Justice, in delivering the opinion of the Court, says,
 
 “in
 
 an
 
 action by
 
 a purchaser under execution, against the defendant, the latter is only restrained from denying that he had some title, while a lessee is obliged not only not to deny his lessor’s title, but also to surrender the possession to him, when required after the expiration of the lease.” Now if that distinction be asound one, it must exist between all actual lessees and all constructive or
 
 quasi
 
 tenants; such, for instance, as mortgagors in possession, who are only tenants by sufferance to their
 
 mortgagees
 
 — Fuller v.
 
 Wadsworth,
 
 2 Ire. Rep. 263, and persons coming in under a contract of purchase, who are mere tenants at will to their vendors.
 
 Love
 
 v.
 
 Edmonston,
 
 1 Ire. Rep. 152. These constructive or
 
 quasi
 
 tenants cannot, while
 
 *99
 
 they remain in possession, dispute the title of those under whom they hold, but after their tenancy has ended, and they have been, put out of possession by their
 
 quasi
 
 landlords, or by any other person acting under the authority of legal process, they may acquire a new title, under which, if they afterwards regain the possession, they may protect themselves. This doctrine is not impugned by whatis said by the Court in the case of
 
 Grwyn v. Wilborn,
 
 1 Dev. & Bat. Rep. 319, that if a mortgagor is ousted by a stranger, and regains the possession, he regains it still as the tenant of the mortgagee. So he does if, as in that case, he regains the possession under the former title; but it by no means follows that such is the effect, if he comes in under a new and distinct title. In the latter case we can see no reason why he may not claim adversely to his quondam mortgagee; and why the latter may not be barred by such adverse possession, continued for seven years.
 

 There was no error in the judgment below, and it must be affirmed.
 

 Per Curiam. Judgment affirmed.